PEREIRA, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 169.—Decided January 26, 1914.

RECORD OF TITLE—DEFECTS IN DEED—GRANTOR'S TITLE—DETAIL SUPPLIED FROM RECORDS.—The failure to set forth in a deed the manner in which the grantor of the right acquired title does not constitute a curable or an incurable defect, for the omission of that detail which is exacted by subdivision 3 of article 75 of the Regulations for the execution of the Mortgage Law, does not prevent the registrar from supplying the same by consulting the records of his office.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

Mr. Rafael Arce, substitute registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Agapito Pereira, presented public deed No. 297 of November 20, 1913, in the Registry of Property of Caguas for the admission to record of a house which he had built on a lot whose usufruct had been granted to him by

the municipality of said city. The deed described the lot granted and also the property belonging to the municipality of Caguas of which it forms a part, and although it does not state how the municipality acquired title thereto, it appears from an accompanying certificate issued by the secretary of the said municipality that it acquired the property by donations made to it by Esteban Delgado and others, which are recorded in the registry of property.

With this data before him the Acting Registrar of Caguas recorded the deed as requested, but with the curable defect stated in the following endorsement on the deed:

"The foregoing document is recorded on folio 62, volume 41, of this city, property No. 1937, record 1, with the curable defect that the manner of the acquisition of the principal property, of which the lot containing the house built by Pereira forms a part, is not set forth therein. The said record was made after referring to an accompanying document. Caguas, December 24, 1913. Rafael Arce, Acting Registrar."

The present appeal was duly taken praying for a reversal of the said decision in so far as regards the curable defect stated, to wit, that the instrument failed to show the manner in which the principal property of which the lot granted in usufruct is a part was acquired and this court requested the registrar to send up a certified literal copy of the document together with the title deed to the house and the record made in the books of the registry. Regarding the accompanying document, we have stated before what it shows, and, as to the record, we gather therefrom the following details:

"The lot on which the house is built forms a part of property No. 562, recorded on folio 92 of volume 11 of this city, entry 1. The municipality of Caguas acquired the said lot, or the greater part thereof, by donations from Esteban, José, Felipe and Manuel Gregorio Delgado. * * *

"All the foregoing appears from the registry and from deed No. 927 of November 20 last * * * it also appearing from a cer-

tificate issued by Juan M. Solá, secretary of this municipality, on the 20th of the month of November last relating to the said grant made by the Municipal Council of this city, which document is before us and is filed in the proper department under No. 97. The curable defect of failure to state in the title deed the manner in which the principal property of which the lot forms a part is stated:" *    *    *

From the foregoing facts it results that although the title of acquisition of the person conveying the right is not shown in the deed recorded, this requisite was shown by another document which accompanied the same and which the registrar had before him in order to make the record, and, as the said official must base his decision on what is shown by the title deed, the accompanying documents and the books of the registry, the mere fact that the required data did not appear in the title deed does not constitute the curable defect mentioned by the registrar, especially in this case when the record itself stated that the municipality of Caguas had acquired the property of which the lot granted the appellant in usufruct formed a part by a deed which is recorded.

Besides, in providing that the name of the person, corporation or legal entity from whom the property or right to be recorded is immediately derived, shall be set forth in the record, paragraph 6 of article 9 of the Mortgage Law does not refer to the predecessor in title of these. Therefore, as the deed whose admission to record is sought contains said requisites, it cannot be held that it contains a curable or incurable defect because of its failure to state the title of acquisition of the person conveying the right, for the omission of that detail does not prevent the registrar from supplying the same in the record by referring to the data shown by his books for the purpose of complying with subdivision 3 of article 75 of the Regulations for the execution of the Mortgage Law. Decision of the Directorate of Registries of Spain of March 6, 1884.

For the foregoing reasons the decision appealed from should be reversed in so far as regards the said curable defect.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.